# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**EDDIE MILTON GAREY, JR.**  PLAINTIFF
Reg. #91876-020

v.   Case No. 2:17-cv-00117-KGB/PSH

**RHONDA LANGLEY,** *et al.*   DEFENDANTS

## ORDER

The Court has received and reviewed the Findings and Partial Recommendation ("Partial Recommendation") submitted by United States Magistrate Judge Patricia Harris (Dkt. No. 120). Plaintiff Eddie Milton Garey, Jr., filed objections to the Partial Recommendation (Dkt. No. 128). Mr. Garey's objections were untimely filed, but this Court will consider the objections. After careful consideration of the Partial Recommendation, Mr. Garey's untimely objections, and a *de novo* review of the record, the Court concludes that the Partial Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Garey's objections (Dkt. No. 128). Mr. Garey argues that he properly presented an access-to-courts claim (*Id.*, at 1). He further argues that Forrest City Federal Correctional Institution's contraband policy implemented March 30, 2018, *via* a memorandum from Deputy Captain M. Price prevents Mr. Garey from accessing the courts because it restricts him from using the prison library (*Id.*, at 1-4). As Judge Harris found in the Partial Recommendation, Mr. Garey's assertions regarding access to the prison library are unrelated to this case (Dkt. No. 120, at 2). Judge Harris also explained that, "[t]o proceed against multiple defendants, a plaintiff must satisfy [Federal Rule of Civil Procedure] 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants." (*Id.*) (citing *Mosley v. Gen.*

*Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding.")).

In his second amended complaint, Mr. Garey alleges that on October 27, 2016, separate defendant Officer P. Benson "deliberately confiscated, stole, discarded, seized or destroyed . . . legal documents which had been intercepted by U.S. Marshals during pre-trial . . . ." (Dkt. No. 78, at 14). The events alleged in Mr. Garey's second amended complaint occurred more than one year prior to the implementation of the contraband policy, which was the focus of his motion for preliminary injunction. Also, Mr. Garey's allegation that Officer Benson confiscated legal documents is unrelated to his later assertion that he cannot access the prison library because of the contraband policy. The Court agrees with Judge Harris' Partial Recommendation. Accordingly, the Court denies Mr. Garey's motion for preliminary injunction and finds that he must bring a separate access-to-courts claim in a separate action based on his allegations regarding the contraband policy, if he chooses to pursue that claim.

Mr. Garey also argues that prison officials cannot regulate access to prison libraries to the extent that the right becomes meaningless (Dkt. No. 128, at 3). However, based on the record before the Court at this time, Mr. Garey has not alleged a specific instance when he was not allowed access to the prison library. Pursuant to Article III of the United States Constitution, the Supreme Court of the United State has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Inter. USA*, 568 U.S. 398, 410 (2013) (internal quotations omitted) (emphasis in original). The Court agrees with Judge Harris' determination that Mr. Garey has failed to show that he would suffer a "certainly impending" injury without this Court ordering injunctive relief (Dkt. No. 128, at 3).

Mr. Garey also contends that the contraband policy was implemented in order to discourage inmates from complaining about prison staff members bringing contraband into the prison facility (Dkt. No. 128, at 5-6). In the Partial Recommendation, Judge Harris appropriately applied the factor test for injunctive relief, which requires the consideration of "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Judge Harris analyzed the *Dataphase* factors and determined that Mr. Garey "has not alleged that the new contraband policy has restricted his access to the courts; accordingly, he cannot show that he will suffer an irreparable injury without injunctive relief." (Dkt. No. 120, at 4). Judge Harris also noted that she would not make such a determination until "after fully developing the facts and resolving the issues." (*Id.*).

The Court agrees with Judge Harris' determination under the *Dataphase* factors. Mr. Garey has not shown that irreparable harm will occur to him without the implementation of a preliminary injunction against the contraband policy. Mr. Garey's request is not supported by the *Dataphase* factors. The Court agrees with Judge Harris: the facts of this case must be more fully developed before resolving this issue.

For these reasons, the Court denies Mr. Garey's motion for preliminary injunction (Dkt. No. 116).

It is so ordered, this the 27th day of December, 2018.

_____
Kristine G. Baker
United States District Judge