IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**EDDIE MILTON GAREY, JR.**                                                                       **PLAINTIFF**
Reg. #91876-020

v.                                  Case No. 2:17-cv-00117 LPR-PSH

**RHONDA LANGLEY,** *et al.*                                                                   **DEFENDANTS**

### ORDER

This case has been going on for several years, beginning long before I took the bench. It is not particularly complicated with respect to the facts and law at issue. However, it has been made far more difficult and convoluted by the voluminous, repetitive, windy, sometimes difficult to follow, and sometimes hyperbolic filings of the *pro se* Plaintiff. Under these trying circumstances, Magistrate Judge Harris has done an admirable job of separating the wheat from the chaff.

There are two Proposed Findings and Partial Recommendations pending before the Court. (Docs. 400, 401). Today's order addresses one of them. Specifically, as discussed further below, this Order accepts and adopts Judge Harris' recommendation to dismiss several of Mr. Garey's claims for failure to state viable causes of action. (Doc. 401). The other Proposed Findings and Partial Recommendation (Doc. 400)—which recommends granting in part and denying in part Defendants' Motion for Summary Judgment—will be addressed in a forthcoming Order.

It is important to understand that the two Proposed Findings and Partial Recommendations are, in some sense, related. In her Partial Recommendation regarding summary judgment, Judge Harris explains:

> Garey's second amended complaint contains lengthy allegations of events that occurred at the Forrest City FCI in October 2016, and it is difficult at times to

> ascertain the specific claims he attempts to make. What is clear is that Garey asserts that he fell because his walker was broken, that certain medications he took contributed to these falls, and that at least one defendant forced him to stand without his walker, causing him to fall. Garey also alleges that he was handcuffed too tightly, which led to multiple injuries to his wrists and hands. Additionally, he makes general complaints about his medical care over a number of years, and brings claims based on the lack of accommodations for disabled inmates at the Forrest City FCI. Garey cites a number of legal theories to support his claims, some of which are clearly not viable. The Court will address those claims in a separate recommendation. (Doc. 400 at 3-4).

The "separate recommendation" to which Judge Harris is referring is the one I address today. This "separate recommendation" involves the claims Judge Harris characterizes as "clearly not viable."

I have reviewed Judge Harris' Proposed Findings and Partial Recommendation. (Doc. 401). While Mr. Garey did not formally object to this Proposed Finding and Partial Recommendation, he did object to the other Proposed Finding and Partial Recommendation. (Doc. 403). In that Objection, he noted that "without access to [the prison] law library, [he] is incapable of forming an effective legal basis for his objection[s]," and that he therefore presented his approximately thirty pages of objections "begrudgingly." *Id.* at 29. He made similar points in a later-filed supplement. (Doc. 409). I understand that he did not have access to the law library because of some combination of the COVID crisis lockdowns and being placed in the Special Housing Unit (SHU). Whatever the reason, I am going to construe his objections very broadly—essentially acting as if he has objected to everything in Judge Harris' two Proposed Findings and Recommendations. Accordingly, I have reviewed the entire record of this case and have reviewed all of Judge Harris' factual and legal conclusions *de novo*. I agree with and adopt Judge Harris' Proposed Findings and Partial Recommendation (Doc. 401) regarding the claims to be dismissed for failure to state viable causes of action. To be clear, I conclude that the Proposed Findings and Partial Recommendation (Doc. 401) should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

It is therefore ORDERED that Mr. Garey's claims discussed in Judge Harris' Proposed Findings and Partial Recommendation (Doc. 401) are dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 14th day of September 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE