**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**EDDIE MILTON GAREY, JR.**                                                                    **PLAINTIFF**
Reg. #91876-020

v.                                    Case No. 2:17-cv-00117 LPR-PSH

**RHONDA LANGLEY,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Before the Court is Magistrate Judge Harris' Proposed Findings and Partial Recommendation ("Recommendation"),[1] which recommends granting in part and denying in part Defendants' Motion for Summary Judgment.[2] Plaintiff Eddie M. Garey Jr. has filed an Objection,[3] a Supplemental Objection,[4] and various other documents noting objections. Due to Mr. Garey's alleged difficulties accessing the prison law library, the Court proceeded as if all of Judge Harris' findings and recommendations had been objected to, and conducted a *de novo* review of the record and Recommendation.

The lion's share of Judge Harris' Recommendation is hereby adopted in full. The only exception is that the Court denies summary judgment as to the *Bivens* claim regarding Nurse Hill and the broken walker. The evidence is not clear as to where Mr. Garey and Nurse Hill were when Mr. Garey requested a new walker.[5] There is some evidence this interaction took place in "the pill

---

[1] Proposed Findings and Partial Recommendation (Doc. 400).

[2] Defs.' Mot. for Summ. J. (Doc. 331).

[3] Pl.'s Obj. to Proposed Findings and Partial Recommendation (Doc. 403).

[4] Pl.'s Notice to the Ct. (Doc. 409).

[5] *See* Proposed Findings and Partial Recommendation (Doc. 400) at 55-56 (recommending that summary judgment be granted in relation to Mr. Garey's Eighth Amendment deliberate indifference claim against Nurse Hill).

line."[6]  There is also some evidence that, after the interaction, Nurse Hill "locked the sick call area which eliminated [Mr. Garey's] ability to gain access to anyone in medical to fix [his] walker wheel."[7]  The Court does not know where "the pill line" is.  If the pill line was in or near the infirmary, there may be a set of reasonably-inferred facts on which Mr. Garey wins.  Maybe not.  But there's enough here to go to trial.[8]

The Court also wishes to make a few observations.  First, if the United States had presented any evidence or argument regarding the *Bivens* claim against Officer Peeler,[9] the Court would have been inclined to grant summary judgment.  But without any evidence or legal argument concerning Officer Peeler, there's simply no justification to do so.

Second, with respect to the FTCA claims against Officer Nichols, Officer White, and Nurse Hill, the Court is interested in the Parties' positions as to whether the "discretionary function exception" applies to defeat jurisdiction.  Each party is directed to provide a brief on that question within 45 days.  The Court will appoint counsel for Mr. Garey very shortly, and Mr. Garey's counsel (not Mr. Garey himself) will file the brief regarding the discretionary function exception.

For the reasons stated above, the following claims will proceed to trial:

(1) Mr. Garey's Eighth Amendment *Bivens* claim against Nurse Hill in relation to the interaction regarding the walker on October 14, 2016;

(2) Mr. Garey's Eighth Amendment *Bivens* claim against Officer Peeler;

---

[6] *See* Pl.'s Obj. to Proposed Findings and Partial Recommendation (Doc. 403) at 1-2; Pl.'s Statement of Disputed Facts (Doc. 348) at 34.

[7] Pl.'s Statement of Disputed Facts (Doc. 348) at 34.

[8] For transparency's sake, the Court wants to caution Plaintiff that this claim seems like a candidate for a potential directed verdict in favor of Nurse Hill.  But the claim just makes it over the summary judgment bar.

[9] *See* Proposed Findings and Partial Recommendation (Doc. 400) at 56 (noting that "Defendant Peeler has not provided the Court with any evidence" in relation to the *Bivens* claim against him, and recommending that summary judgment be denied on this claim).

(3) Mr. Garey's FTCA negligence claim regarding Nurse Hill; and

(4) Mr. Garey's FTCA assault and battery claims regarding Officers White and Nichols.

As for all of the other claims addressed in Judge Harris' Recommendation, summary judgment is GRANTED to Defendants as set forth in the Recommendation.[10]

IT IS SO ORDERED this 22nd day of September 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[10] Proposed Findings and Partial Recommendation (Doc. 400).